UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NOEL D.E. DANDY          :
                         :
        v.               :     C.A. No. 10-286ML
                         :
STATE OF RHODE ISLAND,   :
et als.                  :

**REPORT AND RECOMMENDATION
FOR DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

On July 9, 2010, Plaintiff Noel D.E. Dandy filed a Complaint naming the State of Rhode Island, Governor Donald Carcieri, Attorney General Patrick Lynch, Director of Corrections A.T.Wall, the City of Woonsocket and Mayor Leo Fontaine as Defendants. (Document No. 1). Plaintiff's Complaint was accompanied by an Application to Proceed Without Prepayment of Fees and Affidavit ("IFP"), including the $350.00 civil case filing fee. (Document No. 2). After reviewing Plaintiff's Application to Proceed IFP, this Court concludes that he is unable to pay fees and costs in this matter and thus, his Application to Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." For the reasons discussed below, this Court recommends that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE because it is "frivolous" and/or "fails to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**Standard of Review**

Section 1915 of Title 28 requires a Federal Court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).  See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).  In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts."  Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996).  Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i).  A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)."  Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002) (quoting Mobley v. Ryan, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000)) (citations omitted).

**Discussion**

This Court is recommending that Plaintiff's Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).  In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review to the facts alleged in Plaintiff's Complaint, it presently fails to state any viable legal claims.

In his Complaint, Plaintiff seeks "20 Million in Damages" for the alleged violation of certain state and federal rights. He does not, however, specify when or how any of the named Defendants violated any of his legal rights. Plaintiff devotes one paragraph (Document No. 1, ¶ 2) of his Complaint to the facts supporting his claims which states as follows:

> Plaintiff filed a case against the Woonsocket Police Dept.; Case Number 98-1226 paid the fee 150.00 went to 6 different Judges on the request of Joe Carrol Atty. for Woon.; & no one could hear it. Then Carrol found a judge in ct. room 10 who was present when Carrol offered 1 Million I asked for a Jury Trial. The Judge Died & my case was thrown out by Judge Rogers.

Plaintiff attaches a copy of his Complaint in Dandy v. Woonsocket Police Dep't, Case Number 98-1226, which was filed in Superior Court on March 13, 1998. (Document No. 1-1).[1] The Superior Court Complaint alleges a pattern of harassment against Plaintiff by the Woonsocket Police which dated back many years to when Plaintiff was seventeen years old (Plaintiff was born in 1969) and the officers tried to charge him with statutory rape. Plaintiff also submits criminal history records reflecting that he was arrested by the Woonsocket Police in 1990 for robbery and in 2004 for simple assault.

Plaintiff does not make any current factual allegations beyond those made in his 1998 Superior Court Complaint and thus he does not appear to assert any timely claims that would be cognizable under 42 U.S.C. § 1983. See Bibby v. Petrucci, C.A. No. 07-463S, 2009 WL 2208113 at *4 (D.R.I. July 22, 2009) (the applicable statute of limitations for a § 1983 claim in this District is three years). In addition, to the extent that Plaintiff is challenging the Superior Court's decision

---

[1] In the case caption, Plaintiff cites Greene v. State of Rhode Island, C.A. No. 03-69S (D.R.I. 2003). However, that case has no relevance to Plaintiff's current claims. The Greene case was a claim by an Indian tribe that it owned a tract of land in Rhode Island. The only apparent commonality is that the City of Woonsocket was a Defendant in the Greene case and was represented by Attorney Joseph Carroll who Plaintiff alleges was the City's attorney in his 1998 Superior Court case against the Woonsocket Police.

to "throw out" his 1998 lawsuit, such a claim is an impermissible attempt to challenge a state court judgment in Federal District Court. Under the Rooker-Feldman doctrine, this Court is unable to review such a challenge. In the federal system, only the United States Supreme Court arguably would have jurisdiction to review a case that was litigated and decided in the state and to correct state court judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); and Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923). The Rooker-Feldman doctrine limits federal court jurisdiction over cases, arguably such as this one, "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Plaintiff's Complaint and civil cover sheet also seek relief under the federal habeas corpus statute (28 U.S.C. § 2254) which provides a remedy for one in state custody in violation of the Constitution or law of the United States. However, Plaintiff does not allege that he is presently in state custody and states in his IFP application that he is not currently incarcerated. (Document No. 2 at p. 1). Thus, Plaintiff does not state a claim for any relief available under Section 2254.

Finally, Plaintiff alleges that he has been denied equal protection and a victim of racial discrimination and "want's to be excluded from all State court's and the City of Woonsocket as well." (Document No. 1 at p. 2). He does not, however, allege when or how any of the named Defendants violated such rights. Plaintiff's Complaint, as presently drafted, simply fails to put this Court or the named Defendants reasonably on notice as to the legal and factual bases of Plaintiff's claims for relief. See Rule 8(a), Fed. R. Civ. P.; see also Thomas v. State of Rhode Island, 542 F.3d

944, 948 (1ˢᵗ Cir. 2008) ("The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss.").

**Conclusion**

Having reviewed the Complaint and relevant case law, this Court recommends, for the reasons discussed above, that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1ˢᵗ Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1ˢᵗ Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 15, 2010